■ PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Plaintiff, v RACHEL BRIDGE CORP., Defendant and Third-Party Plaintiff-Appellant. CORDDRY, CARPENTER, DEITZ & ZACK, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [597 NYS2d 35] —Order, Supreme Court, New York County (William Davis, J.), entered February 20, 1992, *inter alia,* granting the motion by third-party defendant Corddry, Carpenter, Deitz & Zack for summary judgment to the extent of dismissing third-party plaintiff's first, second, third, fourth, sixth and seventh causes of action asserted against it, unanimously affirmed, without costs.

Defendant Rachel Bridge commenced this third-party action against, *inter alia,* Corddry, Carpenter, Deitz & Zack, an engineering firm, to recover damages arising from the firm's allegedly negligent preparation of designs and drawings in connection with a demolition project which caused structural damage to a steel girder supporting an apartment building

near the George Washington Bridge. Rachel Bridge is the successor in ownership of the subject premises to plaintiff Port Authority which had contractually retained Corddry as its engineer on the project.

Contrary to Rachel Bridge's contention, the IAS Court properly granted Corddry's motion for summary judgment dismissing the third-party claims asserted against it. Rachel Bridge failed to produce evidentiary proof, in admissible form, of the three elements set forth in *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536, 551) to establish that its relationship with Corddry sufficiently approached the functional equivalent of contractual privity required to hold a professional liable to a non-contractual third-party *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424; *see also, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382; *Security Pac. Bus. Credit v Peat Marwick Main & Co.,* 79 NY2d 695, 704). Moreover, Rachel Bridge's cross-motion to, essentially, postpone Corddry's summary judgment motion pending completion of certain discovery was properly rejected. Rachel Bridge failed to demonstrate evidence concerning the standard of care exercised by Corddry, Corddry's relationship with Rachel Bridge, or that the cause of the girder crack was within the exclusive possession of Corddry *(see, European Am. Bank v Lofrese,* 182 AD2d 67, 74). Concur—Sullivan, J. P., Carro, Milonas, Kupferman and Ross, JJ.